CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JASON EDWARD HARRISON,** | ) | |
|     **Plaintiff,** | ) | **Case No. 7:26-cv-00136** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **BRANDON GOINS,** | ) | **Senior United States District Judge** |
|     **Defendant.** | ) | |

## MEMORANDUM OPINION

Jason Edward Harrison, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Brandon Goins, Chief Deputy Commonwealth's Attorney for the County of Tazewell. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint must be dismissed.

### I.    Background

According to the complaint, Goins represented the Commonwealth at the sentencing hearing conducted in Harrison's state criminal case. Compl., ECF No. 1, at 2. Harrison alleges that Goins "allowed" the presiding judge to sentence him "after the judge recused himself." Id. Harrison seeks to recover monetary damages from Goins. Id. at 3.

### II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief

may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   Discussion

Harrison has failed to state a plausible claim for relief against Goins. As a state prosecutor, Goins is entitled to "absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "[I]t is clear that [a prosecutor's] actions are 'intimately associated with the judicial phase of the criminal process'" when the prosecutor is "functioning as an advocate for the State." Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (quoting Imbler, 426 U.S. at 430). Courts have recognized that "conduct in a 'sentencing proceeding' would be protected by absolute prosecutorial immunity." Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (quoting Taylor v. Kavanagh, 640 F.2d 450, 451–52 (2d Cir. 1981)); see also Jackson v. Canady, No. 22-2089, 2023 WL 6205622, at *2 (6th Cir. June 22, 2023) (concluding that a prosecutor was entitled to absolute prosecutorial immunity since his "actions and statements during [the plaintiff's] sentencing and probation hearing were intimately associated with the judicial phase of the criminal process").

Here, the complaint indicates that Goins appeared on behalf of the Commonwealth at Harrison's sentencing hearing and did not object to a particular judge presiding over the proceeding. Harrison has not set forth any facts from which the court reasonably infer that Goins's actions or omissions fall outside the protection of absolute prosecutorial immunity. To the extent Harrison suggests that the judge had a conflict of interest, "[t]he Supreme Court has established that an accusation of a conflict of interest does not trump a claim of absolute immunity." Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)); see also Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991) (rejecting the contention that a prosecutor's alleged conflict of interest precluded the application of prosecutorial immunity).

## IV.    Conclusion

For the reasons stated, the complaint is **DISMISSED** without prejudice. An appropriate order will be entered.

Entered: March 30, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.30
16:01:13 -04'00'

Michael F. Urbanski
Senior United States District Judge

3